IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 3 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | | |
|---|---|---|
| JAMES L. RUDZAVICE | § § § | |
| VS. | § § | NO. 4:11-CV-129-A (NO. 4:07-CR-138-A) |
| UNITED STATES OF AMERICA | § § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, James L. Rudzavice, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed all of the parties' filings,[1] the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Movant on November 16, 2007, pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), and pleaded true to two counts of criminal forfeiture. In a hearing held March 7, 2008, the court rejected the plea agreement because of a concern that it would "prevent the Court from going as high as the advisory guidelines indicate

---

[1] In addition to movant's original motion and traverse of the government's response, he has additionally filed an "Addendum for 28 U.S.C. § 2255" and a document asking the court to take judicial notice of addendum B. The court has considered each of these documents and has accorded them whatever weight and consideration they deserved.

would be appropriate as a sentence in this case." Sentencing/Rejection of Plea Agreement Tr. at 3. Movant persisted in his guilty plea and pleas of true to the forfeiture allegations.

Movant waived his right to a jury trial, and following a bench trial the court found movant guilty on count two of the superseding indictment, charging movant with of one count of transfer of obscene material to a minor in violation of 18 U.S.C. § 1470. On August 1, 2008, the court sentenced movant to a term of imprisonment of 240 months as to count one and a term of imprisonment of 120 months as to count two, to run consecutive to the term imposed as to count one, for a total term of imprisonment of 360 months, to be followed by a lifetime term of supervised release as to each count. The United States Court of Appeals for the Fifth Circuit affirmed movant's conviction and sentence. <u>United States v. Rudzavice</u>, 586 F.3d 310 (5th Cir. 2009). The United States Supreme Court denied certiorari.

II.

<u>Grounds of the Motion</u>

As the first ground for relief, movant claimed that he did not knowingly and intelligently enter into a plea agreement. Movant gave as the second ground that the statute under which he

was charged in count two, 18 U.S.C. § 1470, required the involvement of an actual minor. For ground three, movant claimed that his defense counsel provided inadequate and/or non-existent cross-examination of the government's witness. Finally, movant's fourth ground alleged "Basic Fairness of child Pornography Guidelines." Mot. at 9.

As the factual basis for ground one, movant claimed he did not fully understand the consequences of waiving his rights, and he "now know[s] that my Rights are Unalienable and can not be taken or given away." Id. at 5. Movant also argued that because his attorney was employed by the office of the Federal Public Defender, the consequences of his plea agreement were not adequately explained, and that his attorney's "opinions are prejudicially biased." Id. at 5.1 (Attachment A).

As the factual basis for movant's second ground he alleged the statutory language of 18 U.S.C. § 1470 is limited to circumstances where the alleged victim is actually a minor; thus, the court erred by denying his motion for acquittal where the evidence showed no actual minor was involved. Movant also alleged that § 1470 is unconstitutional on its face and violates the Due Process Clause for a number of reasons, including that it fails to define obscenity, fails to consider applicable community

standards, and that venue was improper in the Northern District of Texas because images were allegedly transmitted to El Paso.

Movant alleged as the factual basis for his third ground that his counsel rendered ineffective assistance when he failed to accurately cross-examine the government's witness at trial, failed to call any witnesses on movant's behalf, signed away his right to jury trial, and "[w]hen I allowed this attorney to 'Guide' me I had faith in his judgment and experience." Id. at 8. In a memorandum attached to the motion ("Memorandum"), movant further expounded on his claim of ineffective assistance of counsel by arguing that he was coerced because the government's attorney threatened to add two additional indictments if he did not plead guilty, his counsel failed to argue he was sentenced under an unconstitutional statute, and failed to challenge or object to sentencing enhancements in the presentence report.

As to ground four, movant relied on an opinion from the Second Circuit Court of Appeals, United States v. Dorvee, 616 F.3d 174 (2nd Cir. 2010), to argue that the court imposed an unreasonable sentence.

The court also notes that the Memorandum expanded somewhat on some of the grounds raised, and also argued additional points not encompassed by the grounds in the motion. The court will

consider arguments raised in the Memorandum to the extent they represent grounds different from those set forth in the motion.

III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

IV.

## None of the Grounds Has Merit

A. <u>Movant Knowingly Waived His Rights</u>

The law is clear that, contrary to movant's first ground for relief, a criminal defendant can knowingly and voluntarily waive his rights. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." <u>United States v. Hernandez</u>, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." <u>Id.</u> (internal citations omitted). The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. <u>DeVille v. Whitley</u>, 21 F.3d 654, 659 (5th Cir. 1994).

The record here conclusively shows that movant knowingly and voluntarily pleaded guilty. In the plea agreement, movant acknowledged that he understood his rights and waived them. At rearraignment the court explained movant's constitutional rights and asked if he understood those rights. Movant testified he understood his rights, and additionally testified he understood the charges against him and the applicability of the sentencing guidelines to his case. Following movant's testimony, the court expressly found that movant had knowingly and voluntarily pleaded guilty. Rearraignment Tr. at 28-29. Although the court later rejected the plea agreement and gave movant an opportunity to withdraw his guilty plea, movant persisted in his guilty plea. Under these facts, it is clear that movant knew the consequences of his plea as contemplated by the Fifth Circuit, and the court cannot now conclude that movant's plea was anything other than knowing and voluntary.

To the extent movant complains about his waiver of a jury trial, he is entitled to no relief. Movant signed a wavier of jury trial, which the court reviewed with movant prior to commencement of trial. The court emphasized to movant that in a jury trial twelve jurors would all have to be persuaded of his guilt beyond a reasonable doubt, and asked if he still wanted to

waive his right to a jury trial; movant affirmed. Trial Tr. at 5. Movant cannot now be heard to argue that he unknowingly waived his right to a jury trial.

B.  Challenges to 18 U.S.C. § 1470

Movant's challenges to the constitutionality of § 1470 were raised by his attorney during proceedings before the undersigned, where they were rejected, and were also raised and rejected on appeal. Rudzavice, 586 F.3d at 313-15. Issues "raised and disposed of in a previous appeal" may not be considered in a § 2255 motion. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

C.  Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697. Here, movant is entitled to no relief based on

8

the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

Movant's first contention as to his defense counsel was that his attorney was inherently biased by virtue of his status as a government employee and because all lawyers are officers of the court. These assertions are not only nonsensical, but are also conclusory and do nothing to establish the Strickland factors.

Movant's claim that counsel failed to adequately cross-examine the government's witness also fails the Strickland standard. A review of the trial transcript shows that defense counsel frequently objected to portions of the witness's testimony, and cross-examined her as to a key element of the charged offense--whether the recipient of the obscene materials was under sixteen years of age. Defense counsel then raised this issue on appeal. That counsel was unsuccessful in this argument does not render his assistance ineffective. Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983) (per curiam). Nor does movant allege any potential topics of cross-examination he claims should have been explored or how he was prejudiced by counsel's alleged deficiency.

As to his complaint that counsel failed to call witnesses on his behalf, "complaints of uncalled witnesses are not favored in

9

federal habeas corpus review because allegations of what the witness would have testified are largely speculative." Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002). Here, movant failed to identify even one witness he claims defense counsel could have called, nor did he attempt to explain what testimony any uncalled witness would have provided or show that any such witness would have even agreed to testify on his behalf. The same result applies to movant's contention that counsel failed to conduct an adequate investigation: movant was required to "allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Movant's failure to do so defeats this claim.

The court has concluded that movant's waiver of his rights was knowing and voluntary. Movant has alleged no conduct by his counsel as would change the court's opinion on that subject. The evidence also shows that counsel vigorously defended movant: counsel filed pretrial motions, including a motion to dismiss count two of the indictment, raised multiple objections to the presentence report, reurged those objections at sentencing, and argued on movant's behalf both during trial and at sentencing. Movant has failed to show prejudice as to any of his counsel's

alleged conduct.

Movant's contention that counsel was ineffective for failing to argue for unconstitutionality under Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2004), similarly fails. That case addressed the Child Pornography Prevention Act of 1996, 18 U.S.C. § 2251 et seq., which "extend[ed] the federal prohibition against child pornography to sexually explicit images that appear to depict minors but were produced without using any real children." Free Speech Coalition, 535 U.S. at 239. Movant, however, was charged in count one with receipt of child pornography involving real minors in violation of 18 U.S.C. § 2252(a)(2). The Supreme Court has affirmed the constitutionality of statutes involving actual minors. New York v. Ferber, 458 U.S. 747 (1982). Failure to raise a frivolous argument does not constitute ineffective assistance. Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).

Finally, movant alleged that counsel failed to challenge the sentencing enhancements under Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny, and failed to object to his criminal history points in the presentence report. Counsel in fact raised objections to the seven-level increase under United States Sentencing Guideline § 2G2.2(b)(3)(E), and reurged his objection

during sentencing. Movant has not shown counsel deficient in this regard. Further, movant alleged that counsel was deficient for failing to object to the criminal history points because "<u>one</u> prior felony and <u>one</u> prior misdemeanor do not add up to level three criminal history points." Mem. at 2 (emphasis in original). Movant failed to understand the calculation of his criminal history points. Movant received one point for each of his convictions. However, two points were added because movant committed the instant offense while on probation in one of his criminal cases, resulting in a total of four criminal history points and a level three criminal history. Movant has failed to show what non-frivolous objection his counsel could have made as to the criminal history points. Considering all of movant's claims against his defense counsel, movant has failed to meet the <u>Strickland</u> standard.

D. <u>Unreasonable Sentence</u>

Movant maintained that the sentencing guidelines for child pornography are "Beset with irrationality" that can lead to an unreasonable sentence that is inconsistent with the provisions of 18 U.S.C. § 3553. Mot. at 9. To the extent movant challenges the court's application of the sentencing guidelines to his case, such a claim is not cognizable in a motion pursuant to § 2255. <u>United States v. Cervantes</u>, 132 F.3d 1106, 1109 (5th Cir. 1998).

To the extent movant intended to allege his sentence is unreasonable, as the court explained at sentencing, the guideline range was 240 months as to count one and 120 months as to count two, for a total term of imprisonment of 360 months. The court sentenced movant to a term of imprisonment that was at the top of the guideline range. A sentence within the guideline range is presumptively reasonable. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

E. Other Claims

In the Memorandum movant alleged additional claims not expressly included in any of the four grounds of the motion. Those claims afford movant no relief.

Movant claimed the evidence was insufficient to show the alleged pornographic images were obscene. Sufficiency of the evidence claims are not cognizable in a motion pursuant to § 2255. Forrester v. United States, 456 F.2d 905, 907 (5th Cir. 1972) (per curiam). Movant also contended he should have received an adjustment for acceptance of responsibility. This issue was raised and rejected both at sentencing and on appeal, and thus cannot be raised in a motion pursuant to § 2255. United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997).

Movant alleged that at sentencing the court did not reference the advisory nature of the sentencing guidelines and

only mentioned 18 U.S.C. § 3553(a) in passing, thus rendering his sentence a mandatory one in violation of current law. At movant's rearraignment, the court expressly informed movant that the guidelines were advisory, but indicated they would be followed absent a valid reason not to do so. Rearraignment Tr. at 8. Further, at sentencing the court found on the record that the sentence imposed "is a reasonable sentence that adequately and appropriately considers all factors the Court is to consider under 18 United States Code, Section 3553(a)." Sentencing Tr. at 19. This claim is without merit.

The court has considered the remainder of the Memorandum and finds nothing therein as would afford movant a right to relief.

V.

ORDER

Therefore,

The court ORDERS that the motion of James L. Rudzavice to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 3, 2011.

JOHN McBRYDE
United States District Judge